Bobby Joe Brewer and Dorothy Mae Mitchell,
Appellants,

*v.*

Occidental Fire and Casualty Company,
Appellee.

412 S.W.2d 210.

(*Jackson,* April Term, 1966.)

Opinion filed February 10, 1967.

John B. Maxwell, Jr., of counsel, Apperson, Crump,
Duzane & Maxwell, Memphis, for appellants.

J<small>ERRY</small> F. T<small>AYLOR</small>, of counsel, H<small>OLT</small> & B<small>ATCHELOR</small>, Memphis, for appellee.

M<small>R</small>. S<small>PECIAL</small> J<small>USTICE</small> W<small>ILLIAM</small> J. H<small>ARBISON</small> delivered the opinion of the Court.

In this cause appellants have appealed from a decree of the Chancery Court of Shelby County, Tennessee, sustaining a demurrer to their original bill and dismissing their suit. For convenience the parties will be referred to herein as they appeared in the trial court.

A summary of the pleadings is necessary for disposition of this cause.

Complainants filed their original bill in the Chancery Court of Shelby County, Tennessee, alleging that on or about June 1, 1963, Complainant Dorothy Mae Mitchell

was insured by the defendant, a foreign insurance carrier, under an automobile liability insurance policy which had

> * * * limits of Five Thousand ($5,000.00) Dollars, for bodily injury to each person, Ten Thousand ($10,000.00) Dollars for each occurrence, and Five Thousand ($5,000.00) Dollars for property damage.

The bill alleged that the policy was in full force at all times pertinent, but that the policy had been lost or misplaced. The same was not exhibited to the original bill, nor is it in the record before us.

The bill alleged that on or about April 26, 1964, the insured, Dorothy Mae Mitchell, was involved in an automobile accident with an automobile being driven by complainant Bobby Joe Brewer, and also occupied by other members of the Brewer family. The bill alleged that three suits for damages incurred in said collision were filed by the Brewer family in the Circuit Court of Shelby County, Tennessee, and that these suits were consolidated for trial and heard on November 22, 1965 in Division Four of that court. The bill alleged that counsel now appearing for the defendant-insurer defended those cases for Dorothy Mae Mitchell without reservation of rights or question of coverage.

The bill alleged that the plaintiffs in the three Circuit Court cases obtained judgments as follows: Nora Brewer, wife of Bobby Joe Brewer, $3,000.00; Teresa Brewer, a minor, $200.00; and Bobby Joe Brewer $2,200.00, plus a separate verdict of $500.00 for property damage. The bill alleged that the judgment for property damage was reduced from $500.00 to $378.33 by the trial court, and same was thereafter paid by the defendant-insurer. It

also alleged that the verdict for $200.00 for the minor child of the parties, and the verdict for $3,000.00 for Mrs. Brewer were paid by the insurer. It alleged, however, that the verdict of $2,200.00 rendered in behalf of Mr. Brewer

> * * * was not divided into elements, but was based upon the declaration of Bobby Joe Brewer which alleged damages for his personal injuries, loss of consortium, lost wages, medical expenses for the members of his family, and other out-of-pocket expenses incident to the collision and resulting injuries.

It was alleged that this verdict had been approved by the trial court and judgment had been entered thereon, but the defendant-insurer had refused to pay the same or any part thereof. The bill further alleged that on January 26, 1966, counsel for Mr. Brewer had sent a letter to counsel for the insurance company offering to settle the $2,200.00 judgment for $2,000.00. A copy of that letter was attached as an exhibit to the original bill. The bill alleged that both Mr. Brewer and Dorothy Mae Mitchell, the insured, had made demand upon the insurance carrier for payment of the judgment held by Mr. Brewer, and that the insurance carrier had refused to make payment, thereby breaching its contract.

The bill prayed for process, and that the defendant be required to file a copy of the policy. It then prayed for a judgment against the insurer, either in the amount of $2,200.00 or in the amount of $2,000.00 with interest, that the defendant be required to satisfy the judgment outstanding in favor of Mr. Brewer, and for general relief.

To this bill, which was sworn to by the insured, Dorothy Mae Mitchell, the defendant interposed a demurrer. The demurrer alleged that the bill on its face showed that the insurance carrier had policy limits of $5,000.00 "for injuries and incidental damages growing out of injury to any one person." It should be noted, however, that the phrase "incidental damages growing out of injury to any one person" did not appear in the original bill, and, as stated, the policy issued by the insurer is not a part of the record before this Court, nor was it exhibited in the trial court.

The demurrer further alleges that the judgment held by Mr. Brewer was shown on the face of the original bill to be a general verdict for $2,200.00, embracing a claim for loss of consortium, medical expenses for his wife, and personal injuries and lost wages sustained by himself. The demurrer alleged that the verdict did not

* * * divide or apportion which part of the $2,200.00 in damages related to Bobby Joe Brewer's recovery for injuries to Nora Brewer, and which part may have related to independent injuries and loss of wages to the said Bobby Joe Brewer.

It is then alleged that the total amount of the judgments in the cases of Mr. and Mrs. Brewer total $5,200.00,

* * * and this amount exceeds the liability of the defendant, Occidental Fire and Casualty Insurance Company, for injuries and incidental damages growing out of injury to any one person.

The demurrer alleges that the verdict cannot be apportioned except by conjecture, speculation, or guess, and "in these circumstances, the defendant could be compelled to pay an amount in excess of its contractual

obligations.'' The demurrer cited and relied upon the case of *Maryland Casualty Co. v. Gordon*, 52 Tenn.App. 1, 371 S.W.2d 460 (1963). The demurrer alleged that the defendant had discharged its obligations under its policy of liability insurance and sought dismissal of the original bill.

The chancellor sustained the demurrer to the original bill but gave complainants leave to file an amendment to their complaint. Complainants thereupon filed a supplemental bill alleging that the same attorneys now representing the insurance carrier appeared and defended the personal injury suits referred to in the original bill. The supplemental bill alleged that counsel had conceded liability in their argument to the jury in the personal injury cases and had insisted that the claims for damages by the Brewer family were exaggerated. It alleged that there was no request by any party that any of the damages to be recovered by Mr. Brewer be itemized in separate or special verdicts, except his claim for property damage. The bill alleged that the insured, Dorothy Mae Mitchell was not advised of the possibility of there being an unallocated verdict which might exceed her policy limits and that she was relying upon counsel for the insurance company, who were defending her, to protect her interests.

The supplemental bill further alleged that upon the trial of the personal injury cases undisputed evidence had been introduced by Mr. Brewer as to the amount of doctors' bills which he had incurred for his own injuries, the amount of his lost wages, and the amount expended by him in hiring help and other miscellaneous expense incurred by him as a result of the injuries to his wife.

To this supplemental bill defendant interposed a further demurrer, stating that the additional facts alleged therein in no way changed or altered the law applicable, and seeking dismissal of the original and supplemental bills. After argument the chancellor sustained the demurrer and dismissed the entire suit, relying upon *Maryland Casualty Co. v. Gordon,* supra.

We are of the opinion that the chancellor was in error in sustaining the demurrer and that the cause must be reversed and remanded for further proceedings. The demurrer filed herein was obviously a speaking demurrer, alleging facts not appearing in the original bill, especially insofar as the same claimed that the limit of liability of the company was $5,000.00 for "injuries and incidental damages growing out of injury to any one person." This is an allegation of fact appearing only in the demurrer and not in the original bill, and, as stated previously, the policy itself is not before the Court. There is no way that the trial court or this Court can know the accuracy of the claim of the defendant with respect to its policy provisions, except to require that the policy itself be exhibited and examined. We would point out that in the case of *Maryland Casualty Co. v. Gordon,* supra, there was an evidentiary hearing and a full trial on the facts, with the policy exhibited and being in evidence before the court. This was also true in the case of *Yancey v. Utilities Ins. Co.,* 23 Tenn.App. 663, 137 S.W.2d 318 (1939), which was relied upon by the majority of the Court of Appeals in the *Gordon* case.

We would further point out that in *Maryland Casualty Co. v. Gordon,* supra, a divided Court of Appeals simply held that the complainants in that litigation had failed to carry the burden of proof resting upon them to show

whether the judgment of the husband therein did or did not fall within the limits of the insurance contract. The dissenting member of the Court of Appeals felt that there had been sufficient evidence introduced. In that case there had originally been a circuit court judgment in favor of the husband for $5,600.00, and a judgment for the wife for $4,500.00. The policy of insurance was in evidence, there, and contained limits of $5,000.00 for injury to each person. These limits were defined as being

> * * * the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by one person as the result of any one accident. * * *

The policy also had an overall limit of $10,000.00 for injuries sustained by all persons in the accident. There had been another judgment for $2,000.00 for a third person in the same accident, and the insurance carrier was adjudged to be liable for the judgment of $4,500.00 in favor of the wife and $2,000.00 in favor of this third person. This left only $3,500.00 of the total coverage available, and the trial judge in that case had allowed the husband a recovery for that amount against his total original judgment of $5,600.00. The Court of Appeals, however, held that this result required speculation, and reversed insofar as the husband's judgment was concerned. The insurance carrier was held not liable for any portion of the $5,600.00 judgment held by the husband.

Of course, in the present case there is no possibility that the insurance carrier would have to pay more than the total of $10,000.00 for all persons involved in the accident with which we are now concerned. Presumably,

the company has coverage of $5,000.00 for each person, which would mean that there is $5,000.00 available to pay for damages sustained by Mr. Brewer himself. He has a judgment for only $2,200.00. The company insists, however, that since it has already paid $3,000.00 on behalf of Mrs. Brewer, if it is forced to pay the additional $2,200.00, by some possibility all of this $2,200.00 might be allocated to the claim for loss of consortium, and the company thereby might possibly have to pay more than its total allocable coverage on Mrs. Brewer of $5,000.00.

We are not impressed with this argument, in the absence of a trial and proof. Further, we are not impressed with the idea that an insurance carrier should be permitted to escape liability for a judgment against its insured unless it very clearly appears that the insurance carrier is being required to incur obligations in excess of the provisions of its policy. If the insurance carrier escapes from paying any part of the $2,200.00 judgment in the present case, this means that the complainant Brewer will hold an outstanding and unsatisfied judgment against Dorothy Mae Mitchell for $2,200.00, for which she remains liable, while the insurer has expended only $3,200.00 of its $10,000.00 total coverage. This, on its face, is a result which we would be willing to countenance only if there were no other reasonable alternative.

We are of the opinion that the demurrer in this case is not well taken and should be overruled. Questions of fact are presented with respect to issues of estoppel, and with respect to the effect of the offer of settlement made by counsel for the complainants. Under this offer, which could amount to a waiver of a portion of the judgment, the company could not possibly have to pay more than its policy limits. Further, in our opinion, the com-

plainant should be entitled to offer evidence as to the facts underlying the judgment in favor of Mr. Brewer. This Court is certainly not inclined to extend the rule announced in *Maryland Casualty Co. v. Gordon*, supra, and we are of the opinion that this case is not necessarily controlled thereby, particularly at this stage of the proceedings.

The judgment of the trial court is reversed and this cause is remanded for further proceedings not inconsistent with this opinion. The costs of this appeal are assessed against appellee. The costs in the trial court will abide the final judgment there. Reversed and remanded.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.