Everett R. HELM

v.

Lawrence E. WELLS.

Dean HELM, b/n/f

v.

Lawrence E. WELLS.

Court of Appeals of Tennessee, Eastern Section.

Aug. 11, 1972.

Certiorari Denied by Supreme Court Nov. 6, 1972.

Allen M. Elliott, Knoxville, for appellants.

Earnest R. Taylor, Morristown, for appellee.

## OPINION

SANDERS, Judge.

Plaintiffs have appealed from a jury verdict in the Circuit Court of Grainger County on the theory the verdict was inconsistent.

Suit was brought for the Plaintiff, Dean Helm, a minor, by his next friend, Everett R. Helm, against the Defendant, Lawrence E. Wells, for personal injuries received by the minor while riding as a guest passenger with the Defendant in his automobile.

The Plaintiff, Everett R. Helm, as father of the minor, also filed a companion suit against the Defendant for recovery of doctor bills, medical expenses, and loss of services.

The two cases were consolidated and tried before a jury with The Honorable George R. Shepherd, Circuit Judge, presiding.

The jury returned a verdict in which it *found that the Defendant should pay the hospital and medical expenses incurred for the treatment of Dean Helm.*

In keeping with this verdict, a judgment was entered in favor of Everett R. Helm for $1,592.10.

The case of Dean Helm was dismissed.

A motion for a new trial was filed by each of the Plaintiffs and the Court suggested an additur of $1,000.00 in the case of Everett R. Helm and overruled both of the motions for a new trial.

Both Plaintiffs have appealed to this court and assigned error.

The Plaintiffs' assignment of error is to the action of the Trial Court "in accepting the verdict of the jury in favor of the father and against the son, inasmuch as it was an inconsistent verdict."

Defendant has moved to dismiss Plaintiffs' appeal on the ground that no bill of exceptions has been filed. He insists that without a bill of exceptions this court must conclusively presume that the evidence introduced on the trial of the cause supports the verdict of the jury and cites a number of cases in support of his contention.

■ While it is true that in cases on appeal where a question of fact is involved, such presumption does prevail, it is also true that where the issues before this court can be resolved from the technical record, such presumption is not controlling.

For a determination of the assignment of error presented in this case, a bill of exceptions is not necessary.

Defendant's motion to dismiss is, accordingly, overruled.

■ Plaintiffs insist that the verdict of the jury is inconsistent; that it had the effect of finding in favor of the father and against him; that, since the suit of the father is derivative, the verdict in his favor cannot stand without a verdict in favor of the minor.

We think the case of Dudley v. Phillips, 218 Tenn. 648, 405 S.W.2d 468, supports Plaintiffs' contention. In that case the court said:

"We hold a cause of action arising in favor of the parent resulting from a tort committed against the child is derivative in nature and such action is subject to the same defenses that are available in the action arising in favor of the child.

"In the case sub judice the first verdicts returned by the jury were inconsistent. When the jury found against James Allen Dudley (minor) the Trial Judge would have to assume they had found him guilty of proximate contributory negligence. This being true Jay W. Dudley (parent) could not recover."

The Defendant insists that, since Plaintiffs failed to object to the verdict before the judgment was entered, under T.C.A. §

20–1509 they have now waived their objection. T.C.A. § 20–1509 provides:

"*Defective verdict.*—Any defect in entering a verdict where there are different issues, or the verdict is not responsive to the issues, shall be objected to before judgment is entered, or the objection will be considered as waived. [Code 1858, § 2873 (deriv. Acts 1851–1852, ch. 152, § 7); Shan., § 4593; Code 1932, § 8717.]"

Here we are not confronted with a defect in the entry of the verdict nor are we dealing with a judgment that is not responsive to the issues. We are dealing with two separate verdicts returned by the same jury upon the same set of facts and the end result of their findings is that they found the Defendant guilty of negligence but denied the Plaintiff, Dean Helm, any recovery for his injuries, or they found the Defendant guilty of no negligence but awarded damage to the Plaintiff Everett Helm, in spite of lack of negligence.

The father and son each have a distinct cause of action which could be maintained separate and apart from each other and had they been tried by different juries it is possible that one jury might have found in favor of the Plaintiff and the other jury found in favor of the Defendant, and there would have been no inconsistency in either verdict even though they were inconsistent with each other.

But here the same jury returned a verdict in favor of the father but denied recovery for the injuries to the infant son. Since the father's recovery is derivative of the wrongful injuries to his son, the verdicts are inconsistent.

Defendant insists that the verdict cannot be held to be inconsistent since the jury did not say which Plaintiff or Plaintiffs they found in favor of, but merely found that the Defendant should pay the hospital and medical expenses.

Even though the jury did not say they found in favor of the father and against the son, the results of the verdict were the same. Only the father sued for hospital and medical expenses.

The assignment of error is sustained.

The judgments of the Trial Court are reversed and the cases are remanded for a new trial.

The cost of this appeal is taxed to the Defendant, Lawrence E. Wells.