COOPER, C. J., and HENRY, BROCK and HARBISON, JJ., concur.

## HENRY COUNTY BOARD OF EDUCATION et al., Petitioners,

v.

## Lorraine R. BURTON and Clarence W. Burton, Respondents.

Supreme Court of Tennessee.

June 1, 1976.

Richard L. Dunlap, Dunlap, Dunlap & Hessing, Paris, for petitioners.

Marvin P. Morton, Jr., Julian P. Guinn, Paris, for respondents.

### OPINION

HARBISON, Justice.

This case presents the question of the proper form of verdict to be received when two or more plaintiffs have joined in a single action pursuant to Rule 20.01 of the Tennessee Rules of Civil Procedure.

In this case a single complaint was filed on behalf of Clarence W. Burton and wife,

Lorraine R. Burton, seeking damages for personal injuries from the named defendants. The complaint alleged that the plaintiffs sustained injuries in an automobile accident, and a separate judgment was demanded on behalf of each plaintiff.

At the conclusion of the trial of the case, a directed verdict was entered in favor of the plaintiffs on the question of liability, so that the only issues presented to the jury pertained to damages.

In his instructions to the jury, the trial judge at several points told the jurors that they could return separate verdicts for each of the plaintiffs, or that they could return a single verdict for both. No exceptions were taken to these instructions, and, after deliberation, the jury returned a single verdict in the amount of $25,000.00, for both plaintiffs, with no allocation or apportionment of any sort.

On motion for a new trial, among other assignments of error, plaintiffs alleged that it was improper for the trial court to permit the jury to return a single verdict where there were multiple plaintiffs and where separate judgments had been demanded for each. The trial court denied relief. The Court of Appeals reversed and, in a divided decision, held that the procedure followed in the trial court was improper. It ordered a new trial as to damages.

Because of the importance of the question and because of certain comments made by the Court of Appeals concerning Rule 51 of the Tennessee Rules of Civil Procedure, we granted certiorari to give further consideration to the matter.

While the Rules of Civil Procedure permit the joinder of a number of plaintiffs in a single action, there is nothing in the Rules which indicates that anything other than separate verdicts should be returned, particularly in personal injury actions. Rule 20.01 which permits joinder of plaintiffs, expressly states:

"Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

Rule 20.01 is no way changed or modified the provisions of T.C.A. § 25–106, dealing expressly with judgments, as follows:

"Judgments may be given for or against one or more of several plaintiffs, or for or against one or more of several defendants. In such case, the verdict shall be as the right may appear, and shall state separately any amount allowed to or against any of the parties."

All members of the Court of Appeals concluded, correctly in our opinion, that the trial court was in error in instructing the jury that they could return a single verdict for both of the plaintiffs. The dissenting member, however, felt that the matter was controlled by *State ex rel. Coffelt v. Hartford Accident & Indemnity Company*, 44 Tenn.App. 405, 314 S.W.2d 161 (1958), and that the respondents (plaintiffs below) had waived the issue of an improper verdict by not objecting to the joint verdict before judgment had been entered. The dissenting member of the Court of Appeals cited T.C.A. § 20–1509, which had also been cited in the *Coffelt* case.

That statute provides:

"Any defect in entering a verdict where there are different issues, or the verdict is not responsive to the issues, shall be objected to before judgment is entered, or the objection will be considered as waived."

The problem in the present case did not arise simply with the return of the verdict itself, because, as previously stated, the verdict of the jury was responsive to and consistent with the instructions given by the trial judge. They had been informed several times that in their discretion they could return two separate verdicts or a joint verdict. Their action in returning a joint verdict was, therefore, not strictly a "defect" of their creation, nor was their verdict in any manner inconsistent. See *Helm v. Wells*, 488 S.W.2d 733 (Tenn.Ct.App.1972).

At this point, probably some examination of the *Coffelt* case is indicated, because it did indeed present a somewhat similar factual situation.

In that case damages for personal injuries to a minor were sought, together with damages for his mother. A single action had been instituted, seeking both compensatory and punitive damages, with two counts, the first count being for the benefit of the son and the second for the mother. At the conclusion of the evidence the trial judge instructed the jury, but the opinion of the Court of Appeals does not refer to the nature of the instructions given. Apparently the jury were confused, however, and they returned into court where a colloquy ensued between the foreman of the jury and the trial judge. During the course of this colloquy the trial judge told the jurors that he expected them to return a separate verdict for compensatory damages from any amount awarded as punitive damages. The opinion then states that the colloquy continued as follows:

"'The Foreman: The confusion that we were up against was that first one item, in other words, it would be one item covering both him and her?

'The Court: Yes, it is all together.

'The Foreman: Thank you. Because she is the one that sues.'" 44 Tenn.App. at 412, 314 S.W.2d at 164.

Following this discussion the jury returned a verdict against the defendants in the amount of $500 compensatory damages and $500 punitive damages. This verdict was in favor of the mother only, and judgment apparently was entered accordingly. The mother assigned error as to the form of the verdict, since there was no allocation of the damages awarded to her as distinguished from damages for her son.

It was in this context that the Court of Appeals made the following statement:

"Plaintiff and her learned counsel were present and heard this colloquy and made no request that the jury return separate verdicts, one for the son's damages and the other for the mother's damages. Also when the jury brought in one verdict for plaintiff against both defendants for $500 compensatory and $500 punitive damages, neither Mrs. Coffelt nor Thurman Coffelt objected to the form of the verdict. Having failed to make such objection before judgment was entered thereupon, the objection was waived. T.C.A. § 20–1509. So we think Mrs. Coffelt is in no position to complain now as to the form of the judgment." 44 Tenn. App. at 412, 314 S.W.2d at 164.

The Court pointed out that the son, Thurman Coffelt, had not appealed, so that any error in the verdict insofar as he was concerned simply had not been preserved for review.

While similar, the factual situation in the present case varies to some extent. Here, the award was to both plaintiffs, instead of just one. Both plaintiffs assigned error in the form of the verdict in their motion for a new trial and appealed to the Court of Appeals. In *Coffelt*, the one plaintiff who obtained the verdict was held not to be prejudiced, and the other plaintiff did not appeal. But while the facts are not identical, the question of waiver by the plaintiffs is present in the instant case as it was in *Coffelt*.

The majority of the Court of Appeals felt that the *Coffelt* case could and should be distinguished because of the adoption of Rule 51.02 of the Tennessee Rules of Civil Procedure. We cannot agree with that conclusion.

Rule 51.01 deals with the matter of written requests for jury instructions. It expressly provides that the trial judge shall inform counsel of his proposed actions upon the requests before final arguments are made to the jury. The rule then provides that the charge of the court shall follow these final arguments.

Rule 51.02 is as follows:

"After the judge has instructed the jury, the parties shall be given opportunity to object, out of hearing of the jury, to the content of an instruction given or to failure to give a requested instruction, but failure to make objection shall not prejudice the right of a party to assign the basis of the objection as error in support of a motion for a new trial."

The record in the present case does not indicate whether the trial judge gave counsel an opportunity to object to his instructions after they had been given. It does reveal that counsel for the plaintiffs filed a number of special requests, which will be discussed later.

■ The second portion of Rule 51.02, to the effect that failure to object does not constitute waiver of errors in the instructions, is entirely consistent with and in fact preserves the pre-existing practice in this state, prior to the adoption of the Rules of Civil Procedure. It has long been the rule in this state that positive error in jury instructions could be assigned for the first time on motion for a new trial, regardless of whether objection had been made or a special request submitted. See *McClard v. Reid,* 190 Tenn. 337, 343, 229 S.W.2d 505 (1950); *Caruthers History of a Lawsuit* § 407 (8th ed., Gilreath, 1963). The comparable federal rule of civil procedure is to the contrary, but the Advisory Committee, in its comments on the Tennessee Rules, stated that it was deliberately not recommending adoption of the federal rule.

The Court of Appeals, therefore, was in error, in our opinion, in undertaking to distinguish the *Coffelt* case on the basis of the adoption of Rule 51.02. Some changes in previous practice had been incorporated in Rule 51.01, with respect to the appropriate time for tendering special requests for jury instructions, but Rule 51.02 neither contemplated nor accomplished any change in previous practice with respect to assignments made on a motion for new trial.

■ This is not to suggest that the doctrine of waiver has no application in this and in other areas of trial practice. Counsel are expected to assist the trial court at all stages of litigation. Both the rules of waiver and considerations of harmless error, announced in cases decided prior to the adoption of the Rules of Civil Procedure, still obtain. We approve the following statement by this Court made many years ago:

". . . counsel engaged in a trial should aid the court by calling his atten-

tion to an abstraction or an inadvertence in delivering his instructions to the jury, and, where they fail to do so, this court will not reverse unless convinced that the party complaining has [been] prejudiced by such instruction, or that justice is about to miscarry." *Carney v. Cook,* 158 Tenn. 333, 340, 13 S.W.2d 322, 325 (1929).

We consider that the error in the present case was a very serious one, because it is obvious that many highly complex problems could be created by failure to allocate an award of damages among separate personal injury claimants. Indeed, in any case where there are many facets or aspects to a claim for damages, failure to obtain a proper allocation and itemization by the jury can result in great difficulty. See *Brewer v. Occidental Fire and Casualty Company,* 219 Tenn. 584, 412 S.W.2d 210 (1967); *Maryland Casualty Company v. Gordon,* 52 Tenn.App. 1, 371 S.W.2d 460 (1963). These difficulties can be enhanced and magnified when there are separate plaintiffs, seeking separate awards of damages, and there is an attempt to return a single verdict in favor of all parties.

Such difficulties do not arise in all cases, however, and there obviously may be situations in which the principle of waiver or of invited error would cure any defects. For example, in the case of *Gilson v. Gillia,* 45 Tenn.App. 193, 321 S.W.2d 855 (1958), suit was brought against two landlords by three different complainants, consisting of two separate corporations and the principal stockholder therein. A single verdict for property damage was rendered in favor of all of the complaints. No request had been made by the defendants to have either the jury or the trial court allocate the award among the various claimants. Under these circumstances the Court of Appeals held that the defendants had waived the issue.

■ The problem in the present case, as we see it, is one of waiver or consent, because we believe that error otherwise reversible was committed by the trial judge in the form of verdict which he permitted to be returned. A new trial should properly

be awarded unless the plaintiffs acquiesced in the action of the trial judge and, in effect, consented thereto.

Our examination of the record convinces us that this did in fact occur. As previously stated, the only question submitted to the jury concerned the amount of recovery to be allowed to the plaintiffs. The instructions given were brief. The entire charge centered upon damages and the verdict to be returned. Counsel for the plaintiffs submitted a total of five special requests. Each of these refers to a single verdict for both plaintiffs. Each of them was denied, but illustrative of the wording of the special requests is the second one, which is as follows:

"PLAINTIFFS' SPECIAL REQUEST TO CHARGE NO. ——

"Gentlemen of the jury, I do further charge you that if you should find the plaintiffs are entitled to a verdict, you will award them a sum which will compensate them reasonably for (1) any pain, suffering and mental anguish already suffered by them and proximately resulting from the injuries in question; and (2) for any pain, suffering and mental anguish, which you find from the evidence in the case that they are reasonably certain to suffer in the future from the same cause."

Each of the other special requests is similarly worded. The first one is lengthy, but it refers to one verdict to be awarded to the plaintiffs,* and at no point is there any indication in it or in any of the other special requests that counsel was requesting an individual or separate award to each of the plaintiffs.

It is apparent from the phraseology of the special requests submitted that one award, or a total lump sum, was being sought by counsel for the plaintiffs. While the trial judge did not grant verbatim any of the special requests, his general instructions as to damages did incorporate many of the principles contained in them.

The thrust of the motion for a new trial filed on behalf of the plaintiffs, and their principal assignment of error in the Court of Appeals, concerned the alleged inadequacy of the verdict, and only secondarily its form.

Accordingly, although we believe that error was committed by the trial court, and we do not approve of the practice which was followed in this case of awarding a single amount to separate personal injury claimants, we believe that the plaintiffs in the present case did invite and acquiesce in the procedure which was followed, and that they are not now in position to complain thereof.

In view of the disposition which was made of the case by the majority of the Court of Appeals, all assignments of error of the plaintiffs except as to the form of the verdict were pretermitted. We therefore remand the case to the Court of Appeals for consideration of the other assignments of error made on behalf of the plaintiffs, which were not considered by that court. Costs incident to the petition for certiorari will be taxed to the respondents. All other costs will be adjudged by the Court of Appeals.

FONES, C. J., and COOPER and HENRY, JJ., concur.

BROCK, J., dissents.

BROCK, Justice (dissenting).

I fully agree with the conclusion of the Court that the trial judge committed error in his instructions to the jury that they could render a joint verdict for both plaintiffs and in his acceptance of such joint verdict, but I must dissent from its further holding that this error could be and was waived by the plaintiffs. In my view, the error was so fundamental that this Court should hold that it could not be the subject of waiver. I would hold that the

---

* The request refers to "a verdict" for the plaintiffs and throughout references are made to the loss of time by the plaintiffs, their earnings, their health and their future earning capacity, all indicating a joint consideration of the claims and, seemingly, a lump sum award.

decisions in *State ex rel. Coffelt v. Hartford Accident & Indemnity Co.*, 44 Tenn. App. 405, 314 S.W.2d 161 (1958) and *Gilson v. Gillia*, 45 Tenn.App. 193, 321 S.W.2d 855 (1959) should be restricted to the peculiar facts there involved. Furthermore, the Court's reliance upon T.C.A. § 20–1509 is, I believe, misplaced; that statute is contained in a chapter of the code styled "Formal Defects In Proceedings" and originated in an Act of the General Assembly dealing with a number of purely formal, as distinguished from fundamental, errors in procedure. See Chapter 152, Public Acts of 1851–2. As I construe the statute, it presupposes a valid verdict and provides only for waiver of formal defects in recording such verdict. But, such is not the case here, where we have two separate, distinct civil actions of two individuals suing for damages for personal injuries suffered by each and in which each plaintiff demanded and is entitled to an individual verdict. "In such case, the verdict shall be as the right may appear, and *shall state separately* any amount allowed to or against any of the parties." (Emphasis added.) T.C.A. § 25–106. Yet, the jury, as expressly authorized by the trial judge, has not rendered a verdict in either of the two cases; there is no verdict for Lorraine R. Burton or for Clarence W. Burton. Instead, the jury has purported to render a joint verdict for the plaintiffs as if they jointly owned and prosecuted a single cause of action. In my opinion, the trial judge has a non-delegable, non-waivable duty to keep the jury together until they render separate verdicts in the case of each plaintiff when, as here, several distinct civil actions are tried together. *Nunamaker v. New Alexandria Bus Co.*, 371 Pa. 28, 88 A.2d 697 (1952); *Dauenhauer v. Sullivan*, 215 Cal.App.2d 231, 30 Cal.Rptr. 71 (1963). Failure to object to an invalid verdict will not preclude a party from subsequently attacking it. *McInturff v. White et al., supra; Measeck v. Noble*, 9 A.D.2d 19, 189 N.Y.S.2d 748 (1959); *Baxter v. Tankersley*, 416 S.W.2d 737 (Ky.1967); *Shultz v. Monterey*, 232 Or. 421, 375 P.2d 829 (1962); *Saucier v. Walker*, 203 So.2d 299 (Miss.1967); *Helm v. Wells*, Tenn.Ct.App.,

488 S.W.2d 733 (1972). Accordingly, I would hold that the error of the trial judge in his instructions to the jury and in his acceptance of the purported verdict of the jury could not be waived. I would affirm the judgment of the Court of Appeals that these cases be remanded to the trial court for a new trial.