IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE

SAM OOLIE, HAROLD OOLIE,
and FRANCES CHAFITZ,

        Plaintiffs,

VS.

TAMANNA QURESHI and
HALIMA QURESHI,

        Defendants.

Davidson Circuit No. 95C-2427
C.A. No. 01A01-9706-CV-00240

Hon. Walter Kurtz, Judge

ROBERT N. SKINNER, JR., Nashville and SPILLER CAMPBELL, JR., Nashville, Attorneys
for Plaintiffs.

MICHAEL H. JOHNSON, Gracey, Ruth, Howard, Tate & Sowell, Nashville, Attorney for
Defendants.

*AFFIRMED*

OPINION FILED:

MEMORANDUM OPINION[1]

FILED

January 30, 1998

Cecil W. Crowson
Appellate Court Clerk

**TOMLIN, Sr. J.**

        Sam Oolie and his two siblings (by name or "plaintiffs") filed suit in the Circuit Court of

Davidson County against Tamanna Qureshi and her mother (by name or "defendants") for

personal injuries and property damage arising out of an automobile accident at an intersection in

Nashville. On motion at trial, at the close of plaintiff's proof, the trial court dismissed the suit

against defendant Halima Qureshi, the owner of the vehicle, for lack of proof. At the conclusion

of the trial, the jury returned a verdict finding the defendant not guilty of any negligence.

Plaintiffs' suit was accordingly dismissed. Plaintiffs have raised the following issues on appeal:

(1) that the trial court erred in its jury instructions as to comparative fault, (2) that there is no

material evidence to support the verdict, and (3) that counsel for the defendants improperly

inflamed the jury, their passions and prejudices, by his closing argument. Further, at oral

---

[1]

**Rule 10(b) (Court of Appeals).** MEMORANDUM OPINION. The Court, with the
concurrence of all judges participating in the case, may affirm, reverse or modify the actions of
the trial court by memorandum opinion when a formal opinion would have no precedential value.
When a case is decided by memorandum opinion it shall be designated "MEMORANDUM
OPINION," shall not be published, and shall not be cited or relied on for any reason in a
subsequent unrelated case.

argument this court granted plaintiffs' motion to file a supplemental brief (to which a response has been filed) as to a fourth issue, namely, the alleged prejudicial effect of a note written by the trial judge to the jury in response to the jury's request for a document not offered in evidence. For the reasons hereinafter stated, we affirm the trial court.

While the facts in this case are not complicated, there is conflicting testimony as to what some of these facts are as presented to the jury. The accident in question happened at a four-way stop intersection. Plaintiff Sam Oolie was driving his automobile in a southerly direction on Wilsonia Avenue with his brother, Harold Oolie, occupying the front passenger seat and his sister, Frances Chafitz, in the rear seat. Defendant Tamanna Qureshi was driving her mother's automobile in a westerly direction on Post Road, alone. Traffic approaching this intersection on both streets was controlled by stop signs. Both drivers testified that they came to a stop at the intersection. Nevertheless, the automobiles collided within the intersection. The front left part of defendant's car struck the left rear side panel of plaintiff's car. Following the collision, plaintiff's car proceeded across the road and struck a tree. Defendant's car remained in the intersection after the collision. At trial, a Nashville police officer who investigated the accident testified that defendant's car laid down 22.8 feet of skid marks prior to impact and three to four feet of skid marks after impact. Defendant specifically denied that the skid marks found in the intersection were laid down by her car.

When the case was submitted to the jury, the trial judge used a special verdict form that separated the issues of negligence from the amount of fault attributable to each party. This form was consented to by both parties. The initial question on the verdict form called for the jury to respond whether or not defendant was guilty of any negligence. The jury answered "no" to this question, bringing the trial to a conclusion. This appeal followed.

## I. The Jury Instructions.

Plaintiffs contend that the instructions of the trial judge regarding comparative fault were confusing to the jury and constitute reversible error. However, the record reflects that counsel for plaintiffs not only failed to object to these instructions at the time they were given, but also failed to raise this issue in their motion for a new trial. Under these circumstances, we cannot consider this issue on appeal. See Loeffler v. Kjellgren, 884 S.W.2d 463, 472 (Tenn. App. 1994). Plaintiffs contend that in accordance with Rule 51.02 of T.R.C.P., this court may

2

consider this issue despite the fact that no objection was raised at trial. This is a misapplication of the Rule. Rule 51.02 does allow a party who failed to object to a jury instruction at trial to raise an objection to the jury instruction in its motion for a new trial, but if the objection is not raised in the motion for a new trial, as is the case here, it cannot be considered on appeal. See id., Henry County Bd. of Ed. v. Burton, 538 S.W.2d 394, 397 (Tenn. 1976).

## II. The Jury Verdict.

Our standard of review in cases involving a jury verdict is limited to determining whether or not there is any material evidence to support the verdict. Rule 13(d), T.R.A.P.. From our review of the record, we are of the opinion that there is material evidence to support this verdict. Defendant testified unequivocally that she stopped at the stop sign before proceeding and that the skid marks in the intersection were not made by her car. Plaintiffs contend on the other hand that these assertions of defendant were undermined by the testimony of other witnesses. The pivotal issue here is the credibility of these witnesses. Our supreme court, in

Reynolds v. Ozark Motor Lines, Inc., 887 S.W.2d 822 (Tenn. 1994), held that:

> [t]he appellate courts do not determine the credibility of witnesses or weigh evidence on appeal from a jury verdict. Appellate courts are limited to determining whether there is material evidence to support the jury's verdict. Where the record contains material evidence supporting the verdict, the judgment based on that verdict will not be disturbed on appeal.
> Id. at 823.

This issue is without merit.

Plaintiffs also contend that the trial judge did not properly exercise his duty as the thirteenth juror in considering and disposing of the motion for a new trial. As thirteenth juror, "the trial judge is under a duty to independently weigh the evidence and determine whether the evidence preponderates in favor of or against the verdict." Shivers v. Ramsey, 937 S.W.2d 945, 947 (Tenn. App. 1996). However, "[w]here a trial judge has simply approved the verdict without comment, an appellate court will presume that he has adequately performed his function as a thirteenth juror." Holden v. Rannick, 682 S.W.2d 903, 905 (Tenn. 1984). The trial judge's order denying plaintiffs' motion for a new trial approved the verdict without any additional comment. Therefore, this court will not override the presumption that the trial judge has properly reviewed

the evidence.

## III. Closing Argument of Defense Counsel.

Plaintiffs contend that in closing argument defendants' attorney made improper statements designed to arouse and inflame the passions and sentiment of the jury. However, plaintiffs' counsel did not object to any of opposing counsel's closing statements or remarks at the time of trial. "An objection to the remarks or conduct of counsel must be made at the trial and a ruling had thereon, or they will not be considered on appeal." Lee v. Lee, 719 S.W.2d 295, 299 (Tenn. App. 1986). This issue is without merit.

## IV. The Judge's Note to the Jury.

Pursuant to leave of court, plaintiffs filed their supplemental brief and defendants responded thereto relative to the issue of the effect of the response made by the trial judge to a request by the jury to inspect the police report relative to this accident. This report had not been offered in evidence. Upon his receipt of the jury's request, the trial judge called the attorneys for all parties into his chambers for the purpose of discussing what his response should be. Ultimately, the judge replied with a handwritten note, which read as follows: "The police report was never put into evidence. You must decide the case on the evidence you have." Following a brief deliberation, the jury returned, announcing its verdict for defendants. Plaintiffs contend that the judge's note should have gone further than it did and explain to the jury that police reports are not admissible in evidence in Tennessee, in order to prevent the jury from inferring that plaintiffs had failed to introduce the police report because it was likely unfavorable to their case.

This issue is also without merit. Plaintiffs' counsel was present when the judge prepared his response to the jury's request and made no objection at that time. In addition, counsel failed to raise any objection in his motion for a new trial. On the principles already set forth, this issue cannot be considered for the first time on appeal. Accordingly, the judgment of the trial court is affirmed. Costs in this cause on appeal are taxed to plaintiffs, for which execution may issue if necessary.

_____

TOMLIN, Sr. J.

4

_____
CRAWFORD, P.J. W.S.  (CONCURS)


_____
HIGHERS, J.            (CONCURS)