IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 2, 2004

## STATE OF TENNESSEE v. JONES EVERETT TRAVIS

**Appeal from the Circuit Court for Hardin County**
**No. 8321   C. Creed McGinley, Judge**

_____

**No. W2004-00476-CCA-R3-CD  - Filed March 28, 2005**

_____

The defendant, Jones Everett Travis, was indicted for Adult Driving While Impaired.  On January 15, 2004, the defendant was to enter a nolo contendere plea to that charge when the district attorney's office served notice of an Implied Consent Law violation.  The parties agreed to a continuance on the Implied Consent Law violation and the defendant's nolo contendere plea was entered.  On February 10, 2004, the trial court held a hearing on the Implied Consent Law violation.  The trial court first denied the defendant's motion to dismiss the proceeding due to insufficient notice at the conclusion of the hearing.  The trial court suspended the defendant's driver's license.  The defendant now appeals this decision arguing that he was given insufficient notice that the district attorney's office was going to allege an Implied Consent Law violation.  We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. C. MCLIN, JJ., joined.

Steven E. Farese, Sr., Ashland, Mississippi, for the appellant, Jones Everett Travis.

Paul G. Summers, Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General; Robert Radford, District Attorney General; and John W. Overton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

<u>Factual Background</u>

The defendant, Jones Everett Travis, was arrested on June 28, 2003, after he drove into two pedestrians. The officers asked the defendant to submit to a blood or breath test to determine his blood alcohol content. The defendant refused. The defendant also refused to complete any field sobriety tests. The defendant was taken to the Hardin County Jail for processing. While at the jail, the arresting officer was notified that one of the pedestrians had died as a result of the accident. The officer then informed the defendant that it was now mandatory that the defendant submit to a blood test. After being told that they would "tie him down and take" the blood, the defendant submitted to the blood test. The blood test showed that the defendant had a blood alcohol level of 0.08.

Although the district attorney sought indictments for vehicular homicide, vehicular assault, driving under the influence of an intoxicant or drug and adult driving while impaired, on November 24, 2003, the grand jury returned an indictment only for adult driving while impaired.[1] On the morning of January 15, 2004, the district attorney's office filed a notice of violation of implied consent with the trial court. The notice included a certificate of service to the defendant's attorney of record. The district attorney stated in this notice that the State would request the trial court at the time of the defendant's trial to suspend the defendant's driver's license for one (1) year for violation of the implied consent provisions of Tennessee Code Annotated section 55-10-406. Also on January 15, 2004, the defendant pled nolo contendere to adult driving while impaired. The trial court imposed a $500.00 fine and no jail time.

At the proceedings on January 15, 2004, the State informed the trial court that it had filed the Notice for Implied Consent Law violation that morning and had spoken with the defendant's attorney. The State then asked the trial court to set a hearing on the implied consent violation for another time. The trial court agreed and at the end of the proceedings asked the defendant's attorney if they could address the Implied Consent Law violation on February 10, 2004. The defendant's attorney agreed.

The defendant's counsel filed a motion to dismiss the Notice of the Implied Consent Law violation. On February 10, 2004, the trial court held a hearing on the State's contention that the defendant violated the implied consent statute. The trial court first denied the defendant's motion to dismiss. After hearing the evidence, the trial court found that the defendant violated the implied consent law and entered an order revoking the defendant's driver's license for twelve (12) months. The defendant filed a notice of appeal on February 23, 2004.

---

[1] Adult driving while impaired is a Class B misdemeanor in violation of Tennessee Code Annotated section 55-10-418(a) (repealed effective July 1, 2003).

## ANALYSIS

The defendant argues two issues on appeal: (1) the State failed to timely file and serve the Notice of Implied Consent Violation in violation of Tennessee Code Annotated section 55-10-406; and (2) the trial court erred in not disposing of the Implied Consent Violation on the same date that the underlying offense was decided.

### Timely Filing of Notice of Implied Consent

The defendant argues that he did not receive sufficient notice from the State that it intended to seek to have the defendant's driver's license suspended under Tennessee Code Annotated section 55-10-406(a)(3). The defendant relies upon a Tennessee Attorney General's Opinion to support his position. Tennessee Attorney General Opinion No. 95-077 suggests how proceedings should commence against a driver who violates Tennessee Code Annotated section 55-10-406(a)(3) by refusing a blood alcohol test. That opinion states in part:

> Since a violation of the statute is now once again a civil matter, it would appear that prior notice of intent to proceed under this section is sufficient. . . . It is, therefore, the opinion of this office that a notice sent prior to the date of the trial to the defendant or to counsel, if represented, noting the State's intention to seek a suspension of the defendant's driver's license is sufficient for purposes of T.C.A. § 55-10-406(a)(3).
>
> 2. Service of all notices is required by Rule 5.01 of the Rules of Civil Procedures, Rule 5.02 requires service of all notices upon counsel for the opposing party, if represented. Rule 6.04 requires that all notices be served not later than five days prior to the date of the hearing. It is suggested that a notice pursuant to T.C.A. § 55-10-406(a)(3) be served as soon as possible after the setting of the trial.

Tenn. Op. Atty. Gen. No. 95-077.

In this case, the notice was served on defendant's counsel the morning of January 15, 2004, which was the day of the hearing for the defendant's nolo contendere plea. At the beginning of the hearing, before the defendant entered his plea, the State brought the Notice of Implied Consent Violation to the trial court's attention. The following exchange occurred at the hearing with regard to this issue:

> **[The State]:** Before I announce the facts, there is a separate issue. We filed a Notice of Implied Consent Violation in regard to this, and Mr. Farese and I – I just filed it this morning. [Defendant's counsel] and I just talked about that issue this

-3-

morning, so we're going to request that the Court set a hearing on that issue for a later date.

        **The Court:** Okay.

    . . . .

        **The Court:** Are you pleading no contest to the charge of driving while impaired based upon the facts stated here?

        **The Defendant:** Yes, Your Honor.

        **The Court:** Let the record so reflect. There will be an Order of Judgment of no contest to driving while impaired, a fine of five hundred dollars ($500).
        Do you want to take this up on February 10th on your refusal.

        **[Defendant's Counsel]:** Yes, sir.

On February 10, 2004, which was the day set for the hearing, the following discussion occurred in the trial court:

        **The Court:** [Defendant's counsel is] saying that notice should have been provided earlier. According to the motion itself, it was provided in Open Court at the time of the disposition of charges, and I think, if I recall correctly, it was specifically discussed that it would be heard on today's date.

    . . . .

        **[The State]:** On page five [of the transcript from the January 15, 2005 hearing], I talk about the Implied Consent violation. Then the Court addresses us on it on the last page, whatever that is. I did file today the disposition. I actually filed it before we got to the guilty plea. I talked to [Defendant's counsel] when we came to Court that morning. I told him that I was filing that at the last minute, and I asked him if that had any bearing on what he was going to do. He told me it did not, and I asked him if he had any problem with us hearing it on February the 10th, and he indicated to me he did not, and that's, essentially, the announcement that was made.
        Is that correct, [Defendant's counsel]?

        **[Defendant's counsel]:** I have no dispute with that, Your Honor.

**The Court:** Okay.

**[The State]:** So our position is that – I'm not going to say that the notice shouldn't have been filed earlier. I didn't file it earlier. I just forgot it. I'm going to be frank with the Court. I just forgot to file it. But I did bring it up before –

**The Court:** But it was filed prior to the taking of the plea?

**[The State]:** Yes, sir, it was filed prior to that.

**[Defendant's counsel]:** No dispute, Your Honor.

**The Court:** Okay.

**[The State]:** Had [Defendant's counsel] indicated there was some problem, then we would have taken a different look at it at that point.

**The Court:** And then on that date, we specifically reserved that issue till today's date?

**[The State]:** Yes, sir.

**The Court:** All right, motion overruled.

The State argues that the defendant has waived these issues because he failed to object to this issue when the district attorney asked for a continuance. The State then completes a plain error analysis, and states that these issues are not appropriate for plain error review.

Rule 52 of the Tennessee Rules of Criminal Procedure sets out definitions and applicability of both harmless error and plain error. Under Rule 52(b) of the Tennessee Rules of Criminal Procedure, which is entitled "Plain Error," an appellate court may notice an error at any time that has affected the substantial rights of an accused. There is no comparable rule in the Tennessee Rules of Civil Procedure. As the defendant points out in his brief, "the issue of an Implied Consent Law violation is not a criminal matter and is therefore governed by the Tennessee Rules of Civil Procedure." This is the same position stated by the Tennessee Attorney General in opinion number 95-077. Therefore, plain error review is not available for the issue of a violation of the Implied Consent Law.

The Tennessee Rules of Appellate Procedure apply to the Supreme Court, Court of Appeals and Court of Criminal Appeals. Tenn. R. App. P. 1. Rule 36(a) of the Tennessee Rules of Appellate

Procedure reads in part, "Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." We have long stated that the failure of a party to contemporaneously object to an issue at trial and call the trial court's attention to it, typically results in a waiver of the issue on appeal. See State v. Walker, 910 S.W.2d 381, 386 (Tenn. 1995); State v. Robinson, 971 S.W.2d 30, 42 (Tenn. Crim. App. 1997); State v. Griffis, 964 S.W.2d 577, 599 (Tenn. Crim. App. 1997); State v. Seay, 945 S.W.2d 755, 762 (Tenn. Crim. App. 1996); Tenn. R. App. P. 36(a). The Tennessee Court of Appeals and the Tennessee Supreme Court have both concluded that if a party is responsible for the error in a civil case that error is waivable. See Henry Co. Bd. Of Educ. v. Burton, 538 S.W.2d 394, 396 (Tenn. 1976); Grandstaff v. Hawks, 36 S.W.3d 482, 488 (Tenn. Ct. App. 2000); Gilson v. Gillia, 321 S.W.2d 855 (Tenn. Ct. App. 1958).

In the case at hand, the defendant's attorney agreed to the continuance on the issue of the Implied Consent Law violation. It is clear from the record that this consent was purely voluntary. The defendant's attorney himself agreed with the version of events recited by the district attorney when the district attorney asked for the continuance. It is clear that the defendant "failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." The defendant could have objected to the continuance, but chose instead to agree to the continuance and then filed a motion to dismiss at a later date.

We find that these issues are waived because the defendant agreed to the continuance without objection.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the trial court.

_____
JERRY L. SMITH, JUDGE